IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TOMMY LEROY ANDERSON,

Plaintiff,

vs.                                                          Case No. 22-3018-SAC

E. TUXHORN, et al.,

Defendants.

MEMORANDUM AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The

plaintiff Tommy Leroy Anderson is a prisoner of Butler County Detention Facility, El

Dorado, Kansas. Mr. Anderson proceeds pro se. The court issued its screening order on

February 10, 2022 (ECF# 5). It ordered Mr. Anderson to show cause why his complaint

should not be dismissed for failure to state a claim, or, in the alternative, to file an

amended complaint which cures all the pleading deficiencies identified and discussed.

ECF# 5, p. 11. On February 28, 2022, Mr. Anderson filed an amended complaint. ECF#

6. The deadline for responding to the screening order has passed, and the plaintiff did

not file anything more.

Anderson's amended complaint narrows his claims to the following.

Against Deputy E. Tuxhorn, he alleges the deputy used unnecessary and excessive

force in opening an exterior door with "extreme force," striking him with the door

knob, and causing "great bodily harm." ECF# 6, p. 3. He asserts Tuxhorn's behavior

violated his rights under the Eighth and Fourteenth Amendments and constituted

criminal battery under Kansas law for which she should be charged. Against Corporal

D. Robison, he alleges the corporal was the gatekeeper to medical care at the time of

the incident and denied Anderson immediate medical care for his injury in violation of

his rights under the Eighth and Fourteenth Amendments. ECF# 6, p. 4. Against Nurse

Tracy Dumbrope, Anderson alleges she denied him pain medication immediately after

the incident even though he told her of his pain. He asserts this violated his rights

under the Eighth and Fourteenth Amendments. ECF# 6, p. 6. Against APRN Lev Miller,

Anderson alleges Miller denied him additional pain medication after five days even

though Miller said the pain would continue for a few weeks. *Id.* He asserts this

violated his rights under the Eighth and Fourteenth Amendments. *Id.*

Anderson's amended complaint replaces and moots the claims previously

asserted in his original complaint. The amended complaint now must be screened

pursuant to 28 U.S.C. § 1915A(a) using the same screening standards set out in the

court's prior show cause order. This includes dismissing the amended complaint or any

portion thereof if the plaintiff has raised claims that are legally frivolous or malicious,

that fail to state a claim upon which relief may be granted, or that seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

While a complaint's well-pleaded allegations are taken as true, dismissal is

appropriate "'when the allegations in a complaint, however true, could not raise a

claim of entitlement to relief.'" ECF# 5, p. 2 (quoting *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 558 (2007)).  A court looks at "the specific allegations in the complaint

to determine whether they plausibly support a legal claim for relief." *Kay v. Bemis*,

500 F.3d 1214, 1218 (10th Cir. 2007) (citation omitted). This means the plaintiff

"must nudge his claims across the line from conceivable to plausible." *Smith v.*

*United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148

2

(2010) (internal quotation marks and citation omitted). The Tenth Circuit has made it clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). After reviewing the plaintiff's amended complaint with those standards in mind, the Court finds that the amended complaint shall be dismissed under 28 U.S.C. § 1915A(b) for failure to state a claim for relief.

**Count One—Excessive Force**

On this count, the only allegations new to the amended complaint are that the plaintiff was standing about 1' to 1.5' on the other side of the "rec door" which Tuxhorn opened with unnecessary force and that the plaintiff "wasn't trying to impede or stop" the deputy from using the door. ECF# 6, pp. 2-3. Anderson drops his allegation of the deputy being overheard saying that she believed the plaintiff was trying to stop her from using the door and that his standing there would not stop her. He replaces it with, "She even knew that she was going to hurt me because she made a statement to other inmates before she hit me." ECF# 6, p. 2. This latest allegation is less clear and fails to reveal what the deputy said or how it evidences any intent to hurt him.

As amended, the plaintiff's allegations do not state a plausible constitutional violation. A prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The two prongs to an excessive force claim are:

3

"(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Redmond v. Crowther*, 882 F.3d 927, 936 (10th Cir. 2018) (quoting *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999)). "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Id.* at 936–37 (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). The plaintiff's allegations are deficient for both prongs.

The court laid out in the screening order how precedent supports that the forced used here constitutes only *de minis* force. The amended complaint strengthens this conclusion by alleging the door traveled only 12 to 18 inches before hitting Anderson. As this court said earlier, the weight of authority cited in *Toney v. Harrod*, 372 F.Supp.3d 1156, 1162 (D. Kan. 2019), points to the forcible pushing open of an outside door when the inmate is standing just in front of it falls within the *de minimis* use of force category. The allegations fail to show how this opening of an "outside rec door" was so forceful as to be objectively harmful enough to rise to the level of a constitutional violation. See *Williams v. Kansas Dept. of Corrections*, No. 16-3203-SAC-DJW, 2017 WL 2461488, at *3 (D. Kan. June 7, 2017) (guard allowing a sally door to close on a prisoner is a *de minimis* use of force) (citing in part *Compare Starr v. Kober*, 2015 WL 6511659, at *9 (W.D. Okla. Oct. 6, 2015), *report and recommendation adopted*, 2015 WL 6511725 (W.D. Okla. Oct. 28, 2015), *aff'd*, 642 Fed. Appx. 914 (10th Cir. 2016) (claim that guard pushed a steel door hard and that

4

the door hit the plaintiff's left side did not state Eighth Amendment violation);

*Mitchell v. Nutall*, 2012 WL 967567, at *3 (S.D. Ill. Mar. 21, 2012) ("Plaintiff's isolated

incident of being hit by an exit door does not meet the standard for cruel and unusual

punishment"). This isolated event of pushing an outside door hard against an inmate

who is standing just in front it is *de minimis* force not rising to a constitutional

violation.

The plaintiff's added allegations are not enough to establish the

subjective prong of an excessive force claim. The amended complaint fails to allege

any statement by Tuxhorn that suggests she intended to harm Anderson by opening

the door hard against him. The simple act of opening a door with force is not one that

inherently carries the likelihood of causing harm. The plaintiff's allegations are not

sufficient to suggest any more than a mere possibility that Tuxhorn acted with the

subjective intent to injure plaintiff or in reckless disregard of the substantial risk of

serious injury to plaintiff. *See Bradley v. Ash*, No. 20-3082-SAC, 2020 WL 2513065, at

*3 (D. Kan.  May 15, 2020). The court finds that the plaintiff's excessive force claim

should be dismissed for failure to state a plausible violation to be free from cruel and

unusual punishment.

**Count Two--Battery**

In this new count, Anderson asks the court to charge Deputy Tuxhorn

with the state criminal offense of battery. This court lacks the power to institute a

criminal prosecution except for a criminal contempt proceeding. *See Maine v. Taylor*,

477 U.S. 131, 136 (1986)("the United States and its attorneys have the sole power to

prosecute criminal cases in federal courts"). This is the work reserved for the

executive branch. The plaintiff's count 2 fails to state a claim. *See Powell v. Laurie*,

No. 20-3074-SAC, 2020 WL 3270553, at *7 (D. Kan. June 17, 2020).

**Count Three—Denial of Medical Care**

As with count one, the plaintiff in his amended complaint now purports

to allege less to avoid dismissal of this count against Corporal Robison. This approach

is flawed as plausibility does not increase but diminishes with vagueness and lack of

details. The amended complaint alleges that Robison was told Anderson was "in

extreme pain after being struck by the door" and that Robison in the role as

gatekeeper to the medical facilities denied him medical care. This amended count

utterly fails to allege when this happened and who was involved in informing Robison.

In his original complaint, the plaintiff alleged that Tuxhorn went to Robison just

minutes after Anderson was struck by the door and said Anderson complained of pain.

Tuxhorn returned minutes later telling Anderson that Robison had not approved

access to the medical facility. Tuxhorn immediately went to her sergeant and

received permission to take Anderson to medical care. According to Anderson's first

complaint, he was seen by a nurse in the medical facility within 15 minutes of the

door event. Thus, Robison's disapproval of medical care delayed Anderson medical

attention by less than 15 minutes.

When the situation is the delay of treatment rather than the denial

altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial

harm." *Rayquan Pettaway v. D. Hudson*, No. 22-3022-SAC, 2022 WL 602424, at *5 (D.

Kan. Mar. 1, 2022). To be a sufficiently serious deprivation under the Eighth

Amendment, the delay in medical care must be alleged to have resulted in substantial

harm. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2001) ("The substantial harm

requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable

pain.'" (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). "[S]everal

hours of untreated severe pain" may count as substantial harm. *Al-Turki v. Robinson*,

762 F.3d 1188, 1194 (10th Cir. 2014). Failing to allege substantial harm during this

fifteen-minute denial of care, the plaintiff's count three is dismissed for failure to

state a claim.

**Count 4—Failure to Provide Pain Medication**

The plaintiff's amended complaint alleges that within fifteen minutes of

the door event, he was seen by Nurse Tracy Dumbrope for his complaints of physical

pain. "She denied me pain medication because she felt there was no need for it at

the moment." ECF# 6, p. 6. The United States Supreme Court has held that an inmate

advancing a claim of cruel and unusual punishment based on inadequate provision of

medical care must establish "deliberate indifference to serious medical needs."

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard

has both objective and subjective components. *Martinez v. Garden*, 430 F.3d 1302,

1304 (10th Cir. 2005) (citation omitted). To meet the objective component, the

deprivation must be "sufficiently serious," and the inmate must show the presence of

a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at

104-05; *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need

includes "one that has been diagnosed by a physician as mandating treatment or one

that is so obvious that even a lay person would easily recognize the necessity for a

doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d

1205, 1209 (10th Cir. 2000)). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)); *see Strain v. Regalado*, 977 F.3d 984, 989-90 (10th Cir. 2020), *cert. denied*, 142 S. Ct. 312 (2021).

"[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quotation omitted). Chronic and substantial pain is an indication of a "serious" medical need. *Hayes v. Snyder*, 546 F.3d 516, 522-23 (7th Cir. 2008). However, "[n]ot every twinge of pain suffered by a prisoner places a medical professional under a constitutional obligation to act." *Tennyson v. Raemisch*, 638 Fed. Appx. 685, 690 (10th Cir. 2015).

The nurse apparently examined the plaintiff and determined that pain medication was unnecessary on the plaintiff's complaint of pain just minutes after being struck by a door. This is not enough to state a constitutional violation. This too is a delay claim, as the plaintiff has alleged that he received pain medication the next morning when a hematoma developed on the injury site. The plaintiff's allegations of pain during this delay do not equate with considerable pain as to meet the substantial harm requirement. This is not a case where pain medication has been prescribed and then denied. Nor has the plaintiff alleged how this event is one in which a lay person would easily realize that his pain from the door incident necessitated immediate pain

medication. The plaintiff's allegations are insufficient to describe a serious medical

need to which Nurse Dumbrope was deliberately indifferent. *See Smith v. Miller*, No.

19-3085-SAC, 2019 WL 2103122, at *4 (D. Kan. May 14, 2019). Count four fails to state

a claim for relief.

**Count 5—Failure to Provide Additional Pain Medication**

             In his amended count, the plaintiff alleges that APRN Lev Miller would

not extend his pain medication beyond the five days although Miller said his pain

would continue "for a few weeks." ECF# 6, p. 6. This allegation fails to state a claim

for relief. He does not allege the level of his pain to be substantial or chronic. He

does allege any improper motive by Miller in exercising his medical judgment and not

prescribing additional Tylenol for the plaintiff's level of pain. According to the

plaintiff's original complaint, he was told that he could purchase additional Tylenol

from the commissary for his pain relief. A mere difference of opinion between the

inmate and prison medical personnel regarding diagnosis or reasonable treatment

does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07. As

the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–106 (footnote omitted). The plaintiff's simple disagreement

with the medical personnel's judgment in treating him does not rise to the level of a

constitutional claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010)

(prisoner's complaint that he did not receive his desired medication is insufficient); *Arriaga v. Roberts,* 803 Fed. Appx. 222, 223 (10th Cir. Apr. 28, 2020) (prisoner's disagreement with medical judgment refusing to provide specific pain medication not enough). The court finds that the plaintiff's claim for being denied additional pain medication on the facts as alleged fail to state a plausible Eighth Amendment violation. Count five is dismissed.

IT IS THEREFORE ORDERED that the plaintiff's amended complaint (ECF# 6) is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim for relief.

Dated this 4th day of March, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge